UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES JEROME LOVE, | ) | CASE NO. CV 11-10654 JSL (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| KELLY HARRINGTON, Warden, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Plaintiff because this habeas corpus action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560, 2562-63, 177 L. Ed. 2d 130 (2010).

From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) In 1998, a Los Angeles County Superior Court jury convicted Petitioner James Jerome Love of 30 counts of robbery and other crimes, including personal use of a firearm in committing the principal crimes. He was sentenced to 78 years in prison. *See* Pet. ¶ 2.

(b) The Court of Appeal affirmed on June 28, 2000. Pet. ¶ 3. Although Petitioner asserts that he sought, and was denied, further direct review in the California Supreme Court, *see* Pet. ¶ 4, it does not appear that he truly did so. Publicly-viewable records for the state supreme court do not reflect any direct-appeal filings for James Jerome Love. The only filing by Petitioner that those records reflect is his petition there for habeas corpus, discussed below.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. Petitioner's conviction therefore became final no later than September 26, 2000, when the high court's 90-day period (after the California Court of Appeal's decision) for seeking such relief expired. *See* SUP. CT. R. 13.1.

(d) Nine and a half years passed. Early in 2010 – Petitioner does not specify a date – Petitioner filed a habeas corpus petition in the trial court. That court denied relief on the merits on April 8, 2010. Pet. ¶ 6(a). Petitioner thereafter filed unsuccessful habeas petitions in the California Court of Appeal and California Supreme Court. The latter court denied Petitioner's final state-court challenge on February 16, 2011. Pet. ¶ 6(c).

(e) Over ten more months passed. Petitioner filed this action on December 23, 2011.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale over ten years ago, at the end of September 2001, twelve months after his conviction became final. Petitioner's commencement of state habeas proceedings over eight years thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: January 5, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE